The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Special Deputy Commissioner Alston, and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission adopts the findings of fact found by the Special Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of this hearing, plaintiff was 53 years old and had a high school education with job experience as a factory worker.
2. On April 22, 1993, a Form 21 Agreement was approved by the Industrial Commission, whereby the defendants accepted liability for plaintiff's carpal tunnel syndrome. A corrected Form 21 was filed with the Industrial Commission and approved on June 26, 1993.
3. Plaintiff's average weekly wage was $220.29, yielding a compensation rate of $146.87 per week.
4. In December of 1992, plaintiff began treatment with Dr. Malcolm Marks for carpal tunnel syndrome. Dr. Marks treated plaintiff conservatively up until March 18, 1993, at which time he performed a left carpal tunnel release surgery. Plaintiff initially made steady progress after her carpal tunnel surgery. However, she began experiencing significant discomfort in her left wrist in May of 1993. Dr. Marks saw plaintiff on August 6, 1993 at which time Dr. Marks noted that the physical therapy had not helped plaintiff.
5. Plaintiff became dissatisfied with Dr. Marks. She requested a second opinion regarding her medical treatment. The defendants arranged a second opinion with Dr. David Gower, who examined plaintiff on September 29, 1993, Dr. Gower was of the opinion that plaintiff had a problem with ischemia in her hand. Plaintiff's hand was white and cold and there was poor pulse in her wrist. Dr. Gower discussed this problem with the rehabilitation nurse, Linda Swaim, and Dr. Gower recommended a second opinion with Dr. Thomas Mutton.
6. A second opinion was scheduled with Dr. Thomas Mutton, a vascular surgeon, on September 29, 1993. Dr. Mutton performed vascular studies, which were negative for thoracic outlet syndrome. Immediately after this appointment, plaintiff told her vocational rehabilitation nurse, Linda Swaim, that she liked Dr. Mutton and would like to switch over to him as her primary treating physician. The defendants authorized plaintiff's change of treatment to Dr. Thomas Mutton. Dr. Mutton was plaintiff's second choice of a treating physician.
7. Plaintiff complained to Dr. Mutton that she had continued pain in her left wrist where Dr. Marks originally performed surgery. For this reason, Dr. Mutton scheduled a re-exploration surgery of the left carpal tunnel. Surgery was performed by Dr. Mutton on October 28, 1993. Plaintiff only had slight discomfort after this surgery.
8. On January 6, 1994, Dr. Mutton performed a right carpal tunnel release. Plaintiff complained of having some pain after this surgery, but made improvement. Dr. Mutton last saw plaintiff on May 9, 1994. Dr. Mutton assigned a zero percent (0%) permanent partial disability rating to both plaintiff's right and left hands. At this time, plaintiff was not putting forth maximum effort in her home physical therapy.
9. Dr. Mutton returned plaintiff to work on June 8, 1994 for six hours a day with instructions that she could return to work eight hours a day after completing her home physical therapy. Plaintiff returned to work.
10. After returning to work, plaintiff continued to complain of pain in her wrist and said that she needed additional medical treatment. Plaintiff's counsel made a motion with the Industrial Commission to approve either Dr. Poehling or Dr. Marks as a primary treating physician. The chief claims examiner instructed plaintiff to request a hearing since plaintiff had not adequately documented her motion for change of treating physician.
11. Without authorization of the defendants, plaintiff went to Dr. Malcolm Marks at the instruction of her attorney, Franklin Smith, on August 19, 1994. Dr. Marks was of the opinion that plaintiff could work six hours a day. However, plaintiff continued to complain of pain, and on September 22, 1994, Dr. Marks performed a carpal tunnel release.
12. Since plaintiff was still in pain, the medical treatment rendered by Dr. Marks after August 6, 1993, including the surgery that was performed in September of 1994, was probably medically necessary to assist plaintiff with her problem.
13. Plaintiff has failed to cooperate with vocational rehabilitation. Plaintiff's attorney has also obstructed vocational rehabilitation. Plaintiff's refusal to cooperate with vocational rehabilitation is unjustified and unreasonable. Plaintiff's failure to cooperate with vocational rehabilitation began August 27, 1994, the date that plaintiff's attorney wrote to the vocational rehabilitation case manager, Linda Swaim, and instructed her not to contact plaintiff directly.
*******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The medical treatment rendered by Dr. Malcolm Marks after August 6, 1993, was medically necessary and is ordered paid by defendants. N.C. Gen. Stat. § 97-25.
2. Plaintiff refused and failed to cooperate with rehabilitative procedure, and said refusal was unjustified, therefore resulting in a suspension of plaintiff's benefits effective as of August 1994. N.C. Gen. Stat. § 97-25.
*******************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Special Deputy Commission and enters the following:
AWARD
1. The defendants are required to pay for plaintiff's medical treatment, including the medical treatment rendered by, or services ordered by, Dr. Malcolm Marks after August 8, 1993. However, the Commission disapproves and does not authorize further treatment by Dr. Malcolm Marks as plaintiff's treatment physician. Plaintiff shall return to Dr. Mutton or any other physicians directed by defendants.
2. The plaintiff's compensation shall be suspended as of August 27, 1994, and said suspension shall continue until plaintiff's refusal to cooperate with vocational rehabilitation procedure cases.
3. Plaintiff shall fully cooperate with Ms. Swaim. Ms. Swaim shall resume vocational rehabilitation services if approved by Dr. Mutton, at which time defendants shall resume temporary total disability benefits, as appropriate.
4. Defendants shall pay the costs due the Commission.
 S/ _________________________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
PAH:dpd